INDIANA HARBOR BELT RAILROAD COMPANY v. JONES.

[No. 27,693. Filed May 7, 1942.]

*Abraham Halleck, Charles A. Halleck* and *W. Allen Somers,* all of Rensselaer, for appellant.

*O. Warren Harvey,* of Gary, for appellee.

RICHMAN, J.—Willie Jones, eight years and eight months old, was killed by the falling of a heavy door while playing in an empty freight car standing on appellant's switch track. His mother recovered verdict and judgment in an action for wrongful death and in this appeal two questions are presented, the sufficiency of the complaint to withstand demurrer for want of facts and the sufficiency of the evidence to sustain the verdict. The complaint was in two paragraphs. The first, proceeding on the theory of attractive nuisance, went out on demurrer leaving only the second paragraph upon which the cause was tried.

This paragraph charges in substance that within four blocks of decedent's residence in East Chicago appellant owns two switch tracks with large vacant space between them where children including decedent with the knowledge, acquiescence and consent of appellant were accustomed to play and climb upon gondola type cars standing upon the tracks, that between seven and eight o'clock p. m., August 22, 1936, decedent and other children in their play climbed on one of such empty cars and were playing on the floor when without warning the heavy door at the end of the car fell and killed decedent. Four acts of negligence are charged, failure to fence the tracks, to put up warning signs, or to have a watchman, each of which is alleged to have been a reasonable precaution to keep the children away from the tracks and cars, and failure to lock the door so that it would not fall.

A railroad company owes no duty to children living in the vicinity of its switch yards to erect fences or other barriers to prevent their trespassing. *Baltimore and Ohio Southwestern Railway Co.* v. *Bradford* (1898), 20 Ind. App. 348, 49 N. E. 388; *Colby* v. *Chicago Junction Ry. Co.* (1920), 216 Ill. App. 315; *Davis, Director* v. *Keller* (1926), 85 Ind. App. 9, 150 N. E. 70. Nor is it obligated to have a watchman to keep children off its right of way and cars. *C. & A. R. R. Co.* v. *McLaughlin* (1868), 47 Ill. 265; *Haesley* v. *Winona & St. Peter Railroad Co.* (1891), 46 Minn. 233, 48 N. W. 1023. Signs are not required. The tracks themselves are a danger warning. So far as the complaint discloses, he could not get to the so-called playground except by crossing a track.

If this complaint states a cause of action, the liability must be predicated upon the allegation of appellant's

knowledge of and consent to the presence of ██ children on its tracks and cars and particularly the presence of Willie Jones on the car whose falling door caused his death. He was not invited there. Such a car is not an invitation to children. *Colby* v. *Chicago Junction Ry. Co., supra; Smith, By, etc.* v. *Hines, Director General* (1925), 212 Ky. 30, 278 S. W. 142, 45 A. L. R. 980. Other cases are collected in notes in Ann. Cas. 1912D 916 and 14 Ind. L. J. 376. While as indicated in *Cannon* v. *Cleveland, etc., R. Co.* (1901), 157 Ind. 682, 685, 62 N. E. 8, the allegation of "consent" has no broader significance than acquiescence, that is, knowledge without objection, we think it negatives the idea that decedent was a trespasser. He is best described as a licensee by permission. See *Cleveland, etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 392, 104 N. E. 785, 788, 108 N. E. 375. The question is whether a railroad company owes a duty to such a person to lock the door of its empty car to prevent his injury. No facts as to construction or maintenance of the door or lock appear except "that at each end of the said car there is a door weighing approximately One Thousand (1,000) pounds which said doors are held in place against the end of the car by a large hook; that the said defendant company, its agents, servants and employees had negligently failed to hook the door to the car at the end where the said Willie Jones and the other children were playing."

Appellant relies chiefly upon the Cannon and Means cases, *supra*, appellee upon *Lewis* v. *Cleveland, etc., R. Co.* (1908), 42 Ind. App. 337, 84 N. E. 23, and ██ *Knapp* v. *Doll* (1913), 180 Ind. 526, 103 N. E. 385. We find none of them particularly helpful except for the discussion of principles in the Means case, *supra*. We think the note in 14 Ind. L. J. 376

correctly stated "the real basis upon which the child was there permitted recovery, *i. e.,* that the probable presence of children upon property where a dangerous activity is being carried on, imposes a duty of ordinary care upon the owner of such property to anticipate their presence by keeping a look-out for them."

This duty is more apparent where there is "activity," that is, where a car is being moved or machinery is being started which a child is not likely to anticipate. We do not think the duty is confined to children *non sui juris,* if by such are meant those under seven years of age. But it may also apply to older children whose presence the defendant has reason to expect. In such situations there may be complications arising from the question of contributory negligence which need not here be considered. We are now concerned only with the duty of the one who owns or controls the operation of the property upon or by which the injury occurs. If he is bound to know of the presence of children he must also know from common experience that they are frequently heedless of danger, and he ought not start in motion something that is likely to cause their injury. Some courts including our own have therefore distinguished between "active" and "passive" negligence. But we see no sound basis for the distinction. Negligence may be in acts committed or omitted. And if the probable presence of the children raises a duty to them of ordinary care, this may be violated before the children arrive upon the premises, by leaving things undone which ought to have been done in anticipation of their coming. This may be "passive" but nevertheless it is negligence.

Whatever duty exists is not absolute but relative. The Means case, *supra,* at p. 407, recognizes that against

the child's interest must be balanced the social good. This has been thought to play human against property interests. But, as said in the New York case quoted, "the business of life must go forward." A railroad company is not bound to keep its property free from every hazard. Its business must go on. The Nebraska court in the quotation on p. 408 reaches a sound conclusion that "in the determination of the question of negligence; regard must be had to the character and location of the premises, the purpose for which they are used, the probability of injury therefrom, the precautions necessary to prevent such injury, and the relations such precautions bear to the beneficial use of the premises." While this was said in a "turntable" case, it is not peculiar thereto. It is just another way of saying that the standard of care is that which would be exercised by an ordinary prudent person under the same or similar circumstances.

By this test we are not able to say that the complaint before us does not state sufficient facts. They are meagre and sketchy but there was no motion to make more specific. If failure to hook the door made it a menace to children playing where the company had reason to expect them to be, it is not difficult to believe that under such circumstances before they left the car ordinary prudent trainmen would hook the door. We are constrained to hold that negligence is sufficiently alleged.

Appellant insists, however, that both the child and his mother were guilty of contributory negligence, he in climbing upon the car and she in permitting him to go upon the railroad property. Contributory negligence is a defense and unless it affirmatively appears the complaint is good. We cannot say as a matter of law that the mother of an eight year old

boy is required at her risk to keep him off railroad tracks and cars. He may have disobeyed her instructions and escaped her vigilance. Nor can we say as a matter of law that a boy of such age was so bound to know and appreciate the dangers of empty freight cars on railroad switch tracks that in going thereon he was guilty of contributory negligence. These were questions of fact not apparent on the face of the complaint and therefore subject to proof and for the jury. The Lake Superior Court did not err in overruling the demurrer to the second paragraph of complaint nor the White Circuit Court in overruling appellant's motion to reopen that issue.

The case made by the evidence is not the case stated in the complaint. There is evidence from three witnesses that children had played between the tracks and the testimony of decedent's sister alone that she and other children climbed on cars but there is no evidence that defendant knew of their so doing. It does not appear that Willie had ever before climbed on a car. This is rather flimsy evidence to cast upon appellant the duty of anticipating the boy's presence on the car.

But assuming such a duty and assuming further that appellant was required to lock the door against his coming, there is no evidence that the door was unlocked. The door was hinged at the bottom and when desired could be laid flat on the floor of the car. When standing the door was held in place by an appliance consisting of a catch that must be released to raise a lock or latch. The contrivance weighed two or three pounds and could be released with little pressure. There was no evidence but that the whole appliance was in perfect condition. Several trainmen examined it after the accident and testified that there was nothing wrong with it.

It may be inferred from the evidence that the boy himself had it in his power to release the lock.

The story of the accident was told by his sister who was thirteen years old when the accident occurred. The two and no one else walked down the tracks to where the car was standing. She stayed on the ground. He climbed on the car. She heard him say, "Oh." She climbed up and found him under the door. This is all the evidence as to what happened. The position of the door or lock prior to his climbing on the car is not disclosed by any evidence.

The doctrine of *res ipsa loquitur* is not here applicable. 45 C. J. Negligence, § 778, p. 1210; *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 599, 106 N. E. 365, 367. It is said therein:

> "Undoubtedly there are instances where the proof of negligence sufficient to make out a *prima facie* case may be supplied by a presumption that arises from the occurrence of the injury. But in such cases it must appear that the instrumentality which inflicted the injury was in the control of the defendant, subject to his use and inspection, and also that the accident was one which in the ordinary experience of mankind would not have happened unless from the negligence of the defendant, or that of others for whose negligence he is legally responsible. Where the injury might well have resulted from any one of many causes, the plaintiff, by a fair preponderance of the evidence, must exclude the operation of those causes for which the defendant is under no legal obligation. The thing which causes the injury must be shown to have been under the management of the defendant before the doctrine of *res ipsa loquitur* applies. Indeed, the theory of the law in respect of this doctrine proceeds from the fact that the management or control of that which occasioned the injury is exclusively within the power of the defendant as between him and the plaintiff, and that it works no injustice by requiring him to explain."

It was not shown that the door was unlocked when the boy climbed on the car. Its falling indicated that it had been unlocked but not by whom or when. It may have been released by the boy himself or by some undisclosed person after the car had been placed at rest on the track. This could not reasonably have been foreseen. Surely there is no duty of continuous guarding or inspection to prevent meddling with the locks on standing freight cars. The burden was on appellee to show by evidence, not speculation, that appellant was responsible for the unlocked door. This, the only act of negligence sufficiently charged in the complaint, was not shown by any evidence.

The judgment is reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 41 N. E. (2d) 361.