**WHITE MOTOR COMPANY, Appellant,**

v.

**Leonard MIZELL, d/b/a Mizell Construction Company and Truck Line, Appellee.**

**No. 13616.**

Court of Civil Appeals of Texas.

San Antonio.

March 23, 1960.

Rehearing Denied April 20, 1960.

Bowyer, Thomas, Crozier & Harris, Dallas, for appellant.

Strasburger, Price, Kelton, Miller & Martin, Henry W. Strasburger, Dallas, Thos. A. Wheat, Liberty, for appellee.

POPE, Justice.

This is a venue case under Article 1995, § 5, Vernon's Ann.Tex.Stats. Upon findings of a jury, the trial court granted defendant's plea of privilege to be sued in Liberty County. Plaintiff, The White Motor Company, sued Leonard Mizell, d/b/a Mizell Construction Company and Truck Line, in Dallas County for the recovery of installments due under two written lease agreements. Defendant, Mizell, urged and proved that the lease agreements expressly provided that payments should be made in Houston, Harris County, Texas, but were altered by the plaintiff without his knowledge or authority. The jury so found.

On June 24, 1957, South Texas White Truck Service, by two written instruments, leased Mizell eight motor trucks for $241,-757, payable in fifty monthly installments.

The lessor assigned the leases to plaintiff, The White Motor Company. Mizell became delinquent in his payments after June, 1958, and this suit was filed. Defendant, in support of his plea of privilege, pleaded, and the jury found, that the leases were altered by erasing from the contracts the provision that payments should be made in Houston, and by writing in that they should be made in Dallas. The jury also found that Mizell did not ratify, waive, or acquiesce in the change. This appeal is before us on the points, that (1) the finding that plaintiff altered the executed contracts is so against the great weight and preponderance of the evidence as to be manifestly unjust, (2) the other findings have no support in the evidence and are also against the great weight and preponderance of the evidence, and (3) Mizell, by a course of payments to Dallas instead of Houston, actually contracted in writing to pay the rentals in Dallas.

Applying the rule of King v. King, 150 Tex. 662, 244 S.W.2d 660, we are unable to conclude that the finding that plaintiff altered the leases after execution is against the great weight of the evidence. Without attempting to detail all of the evidence, which however we have examined, it shows that Mizell positively testified that he carefully read the leases before execution, and that they then provided for payment at Houston. He required this in the contract, for his place of business was near Houston. John Mizell and Gordon Haese, his employee and office manager, both testified to the same effect. The proof is that plaintiff's representative took all copies of the leases after execution, leaving none with defendant, and that Mizell did not discover the changes until he obtained his copies sometime later, after this dispute arose. In further support of the finding, plaintiff's own Corpus Christi representative, a Mr. E. W. McGlothlin, who handled the execution of the instruments, testified that he did not recall any changes in the place of payment or any alterations in the body of the contracts when he had them

prior to presentation for execution. Mr. McGlothlin said that, according to his custom, he would have obtained initials opposite any changes. During all of the negotiations, payment was understood to be in Houston. Plaintiff caused its Cleveland, Ohio, office to prepare the leases, and that office prepared them to show that Houston was the place of payment. That office sent them to Houston, not Dallas. Plaintiff's theory was that the Houston office mailed them on to Dallas where they were altered and then forwarded to McGlothlin at Corpus Christi. Defendant claims that the change took place after, not before, his execution. To support that theory, defendant showed that, contrary to the company custom, there was no letter of transmittal from Houston to Dallas, nor from Dallas to McGlothlin in Corpus Christi, and concludes that the leases went to Dallas after, not before, they were executed. This direct and positive evidence from several witnesses well supports the finding of the jury.

■ The record also supports the findings that Mizell did not ratify any claimed change, did not waive the provisions of the lease agreement, and did not acquiesce in a change from Houston to Dallas as the place of payment. To effect a ratification of an alteration, Mizell must have had knowledge of the alteration. D. T. Carroll Corp. v. Carroll, Tex.Civ.App., 256 S.W.2d 429, 433. Knowledge is also a necessary element of waiver, Kennedy v. Bender, 104 Tex. 149, 135 S.W. 524; Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S.W. 438, and of acquiescence. Indiana Harbor Belt R. Co. v. Jones, 220 Ind. 139, 41 N.E.2d 361, 363; Reilly v. Hamilton Trust Co. of Paterson, 133 N.J.Eq. 232, 31 A.2d 784. Whatever Mizell did or failed to do, according to his testimony supported by others, it was not with his knowledge or acquiescence that the place of payment had been changed. He denied knowledge of such a change, and others denied that there was any change until after the leases were in the exclusive control of plaintiff.

■ Plaintiff further argues that subsequent dealings between the parties effected a new contract. No issues were submitted in support of this theory, but plaintiff argues that, as a matter of law, a new contract was established. Plaintiff, about two weeks after the leases were signed, sent two coupon books to Mizell. The outside cover of these books contained these words: "The White Motor Company, 2000 So. Ervay Street, Dallas 1, Texas." On the coupons were these words: "Fill in and send coupon with the payment to The White Motor Company at the address shown on cover." The books were sent, according to the letter of transmittal, "to facilitate" payments. Thereafter, Mizell's office sent eleven of his checks to Dallas instead of to Houston. These payments were for convenience, but they did not operate to change the express terms of the lease agreements nor to create new contracts. Southwestern Investment Co. v. Allen, Tex., 328 S.W.2d 866. There are other reasons that this transaction did not amount to a new contract. Mizell, the principal, so far as this record shows, alone had power to make contracts. He denied that he knew the payments were being sent to Dallas. His office manager and clerical employees attended to the payment of the company bills, but they did not possess the power to rescind or to modify Mizell's formal contracts. There was no proof that Mizell's employees possessed the authority to change his agreements. 2 Tex.Jur.2d, Agency, § 73.

■ An incidental matter, which we consider only as evidentiary, is plaintiff's contention that Mizell showed on his applications for certificates of title that plaintiff's mailing address was in Dallas, Texas. A statement of a mailing address is not an express contract to perform at that place. Johnston v. Personius, Tex.Civ.App., 242 S.W.2d 471; Johnston v. Bracht, Tex.Civ. App., 237 S.W.2d 364.

The judgment ordering the cause transferred to Liberty County is affirmed.