Sydney Faith Drell, a Minor by Ronald E. Drell, Her Father and Next Friend, Plaintiff-Appellee, v. American National Bank and Trust Company, a Corporation, as Trustee Under Trust No. H9852; Draper and Kramer, Incorporated, Appellant; Economy Plumbing and Heating, Inc., a Corporation, Appellant; Lomy F. Ruhman and Mrs. Lomy F. Ruhman, Appellant, Defendants.
Economy Plumbing and Heating, Inc., a Corporation, Third-Party Plaintiff-Appellant, v. Mrs. Lomy F. Ruhman, Third-Party Defendant-Appellee.

Gen. No. 49,502.

First District, Second Division.

March 30, 1965.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (William H. Symmes and John M. O'Connor, Jr., of counsel), for Draper and Kramer, Incorporated, defendant-appellant; Brooks, Gordon & Simon, of Chicago (Gilbert Gordon, of counsel), for Economy Plumbing and Heating, Inc., defendant-appellant; Graham & Stevenson and William Parker Ward, of Chicago, for Mrs. Lomy F. Ruhman, defendant-appellant.

Robert J. Millman, of Chicago, for Sydney Faith Drell, a minor, plaintiff-appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a judgment in the amount of $10,000, entered on behalf of plaintiff, against three defendants: Draper and Kramer, Incorporated; Economy Plumbing and Heating, Incorporated; and Mrs. Lomy F. Ruhman. By agreement, Economy Plumbing and Heating Company's third-party action against Mrs. Lomy Ruhman, was submitted to the court on the same evidence without a jury, and the court found for the third-party defendant, from which finding third-party plaintiff, Economy Plumbing and Heating Company appeals.

At or about 4:30 p. m. on September 26, 1958, the plaintiff, Sydney Faith Drell, an infant girl about eighteen months old, was playing with another child on a cement walk at the rear of a high rise apartment building located at 2930 Sheridan Road, Chicago, Illinois. The mothers of the children were nearby. The children and their parents lived in the building.

The defendant, Draper and Kramer, managed, controlled and operated the building. There was a rear entrance to the building, which was used by service people and by anyone using a baby carriage, stroller or other equipment that could not be taken in the front way. The rear entrance led to a walk that was about 25 to 30 feet long and about 5 feet wide. To the west of this walk, at the rear of the building, was a parking lot, and commencing at the south end of the walk between the west wall of the building and the parking lot, an iron railing. There was a commissary north of the service entrance to the building and a pillar immediately south of the commissary entrance. For some time prior to the date of this accident, the defendant Economy Plumbing and Heating, had been

doing work in the building, which required the use of acetylene torches and tanks of oxygen. On the date of the accident and for about two weeks prior thereto, two empty oxygen tanks used on the job, were placed on the common walk next to the pillar, immediately south of the commissary entrance.

At 4:30 p. m. the defendant, Mrs. Lomy F. Ruhman, who lived about a half block away, arrived at the scene with her two-year-old son for the purpose of making a purchase in the commissary located in the building. She was also accompanied by her poodle dog on a leash. She noticed the children playing and greeted the mother of one of them, Mrs. Goldstein. She tied the dog's leash around the neck of one of two empty oxygen tanks. She then left her child with the dog and started into the commissary. The plaintiff's mother noticed her child going toward the dog and grasped her hand to stop her. The dog, however, came forward toward the child and pulled over the tank to which his leash was tied, causing the tank to fall upon the child severely injuring her hand. This suit was brought, resulting in a verdict of $10,000 against all the defendants.

Plaintiff's theory of the case is that defendant, Economy, was negligent in placing the oxygen tank in question in the commissary passageway under such circumstances as to endanger the safety of persons using the passageway; that defendant, Draper and Kramer, was negligent in permitting the tank to remain in the commissary passageway for a period of approximately two weeks immediately prior to the accident and that defendant, Mrs. Ruhman, was negligent in tying her dog's leash to the top of the oxygen tank. Each defendant has appealed independently, thus we will take their respective positions separately.

■ It is an elementary principle of law that a plaintiff, in an action for negligence, must show his

own right to recover, a duty owed by the defendant to plaintiff, a negligent act or omission by the defendant which breaches that duty and a compensable injury to the plaintiff resulting from said breach. Price v. York, 24 Ill App2d 450, 164 NE2d 617 (1960). With these elements in mind we will first consider the negligence of Mrs. Ruhman.

 Plaintiff had a right to be playing on the sidewalk. Defendant Ruhman admits she tied her dog's leash to the top of the oxygen tank and that the dog in pulling on the leash upset the tank so that it fell and struck plaintiff, causing her a compensable injury. Thus we need only consider whether or not Mrs. Ruhman owed a duty to plaintiff. Mrs. Ruhman contends she could not foresee any injury occurring to the child by her act of tying the leash of her dog to the top of the tank. She reasons that a woman should not be charged with knowledge that such a tank is unstable. The rule pertaining to foreseeability is well stated in Kahn v. James Burton Co., 5 Ill2d 614, 622, 126 NE2d 836, 840 (1955) where the court said:

> All men are presumed to know those things which are matters of common knowledge and must be held, in the absence of actual knowledge or notice, to have reasonably anticipated such occurrences as in the ordinary nature of things reasonable men should know will probably occur. Every person owes to all others a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonably probable and foreseeable consequence of his act, and the law is presumed to furnish a remedy for the redress of every wrong.

We feel, as did the jury, that in the common experience of a reasonable person, Mrs. Ruhman should have anticipated that her dog, by pulling on its leash,

135

would cause the tank to fall. The tank was tall and had a flat bottom. The leash was tied to the top of the tank. The dog was large enough to pull the tank-over.

■■■ Mrs. Ruhman also bases her contention that she could not foresee any injury to the child on the fact that plaintiff's mother was present. Mrs. Ruhman reasons that a reasonable person could not foresee that a child accompanied by a mother would be given an opportunity to approach a dog. We disagree with this contention. A reasonable person should foresee that a small child, while playing in a common passageway, will approach a dog. Also, there was evidence introduced that the child's mother made an attempt to pull the child from the dog. In Ney v. Yellow Cab Co., 2 Ill2d 74, 84, 117 NE2d 74, 80 (1954) the court stated:

> Questions which are composed of such qualities sufficient to cause reasonable men to arrive at different results should never be determined as matters of law. The debatable quality of issues such as negligence and proximate cause, the fact that fair-minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact-finding body. The jury is the tribunal under our legal system to decide that type of issue. To withdraw such questions from the jury is to usurp its function. Bailey v. Central Vermont Railway Co., 319 US 350. . . .

Whether or not the defendant, Mrs. Ruhman, was guilty of negligence proximately causing the accident, was a question of fact for the jury. We hold the evidence sustains the verdict against the defendant, Mrs. Ruhman.

■■■ Next we consider the appeal of Economy. Its first contention is that there was insufficient evidence introduced by plaintiff that a duty was owed by Econo-

136

my to plaintiff. Economy alleges that plaintiff's exhibits and testimony did not show that the tanks were either top heavy or unstable and that it (Economy) offered evidence that the tanks were flat bottomed and were standing on a concrete floor, in a recessed area, away from that part of the premises where people customarily passed. Thus, Economy concludes that plaintiff's evidentiary facts were not sufficient to support the inferential fact that the presence of the tanks created a foreseeable hazardous condition. We disagree with this conclusion. There was ample evidence to show the stability or lack of stability of the tank from the exhibits produced by plaintiff. Furthermore, Mr. Daly, an employee of Economy, testified that he would sometimes tie the tanks together to make them more secure against falling over. The jury decided this factual issue in favor of plaintiff and we will not disturb that result.

■ Economy next contends, that assuming there was a duty on it owed to plaintiff, there was insufficient evidence that it breached this duty by placing the tank in the recessed area. This contention is likewise invalid as there was testimony by Mr. Daly that he had used or perhaps used the tanks in question. The words "Economy Plumbing" were written on the oxygen tanks. We feel that the evidence of these facts, introduced by plaintiff, was enough for the jury to draw an inference that the tanks were placed next to the pillars by Economy.

Furthermore, counsel for Economy, in his opening statement to the jury stated:

> The back of the building is the west part of the building. The rear is west. That is where whatever happened took place . . . Now, just at that point where the bumper guard starts, where the service entrance is, and there is a pillar right there, just at that point at the recessed area,

137

*we did put our tanks,* oxygen or acetylene tanks. . . . On the particular day we fixed the pipe it was necessary to get some tanks . . . And after we used them, we took them down and put them in the recessed area out of the way . . . They were left there and waiting to be picked up. Mr. Daly left his work at that time and the tanks were there. (Emphasis supplied.)

In Petersen v. General Rug & Carpet Cleaners, Inc., 333 Ill App 47, 77 NE2d 58 (1947) defendant contended that there was no evidence identifying their vehicle as the one involved in the accident. Its counsel, however, in his opening statement, admitted that its vehicle was involved in the accident. Defendant argued that "Plaintiff's failure to prove one of the basic facts essential to a prima facie case was not cured by the remarks in the opening statement of counsel." On page 57 the court said:

We hold that counsel for defendant General Cleaners admitted, in definite and plain language, that it was the owner of the first of the two northbound vehicles that Mr. Ryan spoke about in his opening statement and that this admission was binding upon his client.

The court went on to say:

Furthermore, the admissions were but amplifications of the admissions made in the answers of defendants. It would be, in our considered judgment, a perversion of justice to sustain the instant contention of General Cleaners.

In the instant case, Economy, in its answer, did not deny the allegation in Plaintiff's Amended Complaint that it placed the tanks in the common passageway. It denied only that the tanks were placed in the passageway for "long periods of time."

■ The third contention of Economy, assuming that a duty was owed to plaintiff and further assuming that Economy breached that duty by the negligent act of placing the tank next to the pillar, is that the act was not the proximate cause of plaintiff's injury. Economy reasons that the alleged act was not the natural and probable cause of the injuries as it could not be foreseen that someone would place the leash of a dog around the top of the tank and that the dog would pull the tank over on a small child. Economy suggests that the act of Economy was only a condition that set the stage for the intervening act of Mrs. Rhuman and that her act was the proximate cause of the injury. Plaintiff contends that Economy should have foreseen that a person visiting a commissary store with a dog would leave the dog outside; that they would attach the dog's leash to some object; and that by attaching the leach to an unstable object the dog could pull the object over. Even though we agree with plaintiff, this is not the controlling issue. There was no need for plaintiff to show that Economy could foresee that a person would tie a dog to the tank. Plaintiff only had to demonstrate that Economy should have foreseen that the tank was dangerous. There was no need for Economy to foresee the exact method in which the injury took place, but only that a particular result would occur. Blue v. St. Clair Country Club, 7 Ill2d 359, 131 NE2d 31 (1956). It is immaterial whether a passing person or a dog tied to the tank was the agent responsible for knocking the tank over so long as Economy could foresee that the tank was capable of being upset.

■ Next we consider the appeal of Draper and Kramer. Plaintiff's complaint against Draper and Kramer was:

 1. . . . DRAPER AND KRAMER, INCORPORATED, a corporation, owned, controlled,

managed and operated an apartment building at 2930 Sheridan Road in the City of Chicago, County of Cook and State of Illinois.

. . . . . .

5. That there was a common passageway at the rear of said building which was reserved . . . as a means of ingress and egress . . . duty of said defendants . . . to keep and maintain said common passageway in a reasonably safe condition, free and clear of dangerous objects and obstructions.

6. . . . Carelessly and Negligently: (a) maintained and controlled the aforesaid common passageway; (b) . . . allowed said empty oxygen tanks to remain in the said common passageway for a long period of time . . . so that the defendants . . . would have had knowledge of the presence of said tanks in said passageway, . . .

Draper and Kramer contend that there was insufficient proof of any duty owed by it to plaintiff. They base this contention on allegations that: one, insufficient proof was offered by plaintiff that Draper and Kramer could foresee any danger, and two, there was insufficient evidence submitted to show it had knowledge or should have had knowledge of any danger. Thus, it reasons, it was under no duty to remove the tanks. The first allegation that insufficient proof was offered by plaintiff that Draper and Kramer could foresee any danger is based on its further allegation that the tanks were in a recessed area and not in the common passageway and were not likely to cause harm or injury to persons using the passageway. Draper and Kramer point out that plaintiff's mother answered affirmatively in response to the following statement: "So far as the walkway was concerned,

140

. . . you wouldn't be able to see the tanks because they were behind the pillars." She answered in the negative to the following question: "In other words, there was no obstruction to the walkway in any way." The allegation of Draper and Kramer is without merit, despite this testimony, as.it was foreseeable that if the tanks did fall they would fall in the passageway.

 The allegation that there was insufficient proof that Draper and Kramer had knowledge or should have had knowledge of any danger, is based on its further allegation that there was insufficient evidence that the tanks in question were top heavy or unstable. This allegation is likewise invalid as Daly testified that he made a practice of tying the tanks together. He testified: "I do them sometimes, and in some cases if I feel they are in a safe—feel it is not necessary to tie them, I do not." In response to the question, "and by tying them do you make them more secure against falling over?" he answered, "I would say so, yes." It is apparent from the evidence that the tanks were not tied together. It is evident, from Mr. Daly's testimony, that Economy knew the tanks could fall over. It is reasonable to infer from Mr. Daly's testimony that Economy knew that a strong wind or a child running into or pushing against the tank could cause it to fall. That the tank was not heavy enough to be stable and secure against falling is shown by the fact that the defendant, Mrs. Ruhman, was able to push the tank up and put it back after her dog upset it. We conclude that Draper and Kramer, like Economy, should have foreseen the unstable condition of the tanks and did have a duty, as a matter of law, to plaintiff.

Draper and Kramer next contend there was insufficient evidence submitted by plaintiff showing that Draper and Kramer allowed the tanks to remain in the passageway and thus there was inadequate proof of

them performing a negligent act. Draper and Kramer allege the tanks were not in the passageway, but in a recess of the passageway. Again we point out, that if the tanks did fall, they would fall across the passageway. Thus there was a sufficient basis for the jury to find that the tanks were standing in the passageway.

■ Draper and Kramer further contend that assuming Draper and Kramer owed a duty to plaintiff and furthermore, assuming that it breached this duty, their negligent act was not the proximate cause of plaintiff's injury. For the same reasons we held that the act of Economy was not a condition, but a proximate cause of the injury, in that Economy should have foreseen the injury to plaintiff, we likewise hold that Draper and Kramer should have foreseen all the natural and probable consequences of their negligent act.

Both Economy and Draper and Kramer contend that the trial court erred in refusing instructions tendered by them. They contend that the jury, if properly instructed, would have drawn an inference that their negligence did not proximately contribute to plaintiff's injury. They contend that their instructions on intervening cause should not have been refused. Economy's refused instructions read as follows:

(Economy's Instruction Number Two)

You are instructed that an intervening cause is a new and independent force which breaks the connection between an original cause and an injury. If you find from the evidence, and under the instructions of the court, that there was such an intervening cause of the plaintiff's injuries and that such intervening cause could not have been foreseen by the person responsible for the original cause, using reasonable care under the same or similar circumstances, then such person responsi-

142

ble for said original cause is not liable for such injuries.

(Economy's Instruction Number Three)

If you find that the proximate cause of the injury to the plaintiff was the negligence of one or more defendants, but not all the defendants, and that the acts of such other defendant or defendants did not proximately cause or contribute to cause the injury to the plaintiff then the plaintiff is not entitled to recover from such other defendants or defendant.

(Economy's Instruction Number Four)

If you find from all the evidence the act of any defendants or defendants [sic] was negligence, but that such negligence did not proximately cause or contribute to cause the injury to the plaintiff, then as to any such defendant or defendants, plaintiff is not entitled to recover.

Draper and Kramer submitted instructions, which were adopted by Economy. These instructions, which were refused, read as follows:

(Draper and Kramer Instruction Number Five)

If you find from your consideration of all the evidence that the defendants were negligent in one of the ways which I have mentioned as charged by the plaintiff, and that their negligence was a proximate cause of injury to the plaintiff, and you further find that the action of a *third person or an outside agency* not a party to the suit also was a proximate cause of injury to the plaintiff, then the acts of the *third party or of the outside agency* are not a defense to the defendants against the claim of the plaintiff. On the other hand, if you

143

find that the proximate cause of injury to the plaintiff was the negligence of a *third party or outside agency*, and that negligence of the defendants did not proximately cause or contribute to cause the injury to the plaintiff, then the plaintiff is not entitled to recover from the defendants. (Emphasis supplied.)

(Draper and Kramer Instruction Number Five revised)

If you find from your consideration of all the evidence that any of the defendants were negligent in one of the ways which I have mentioned, as charged by the plaintiff, and that their negligence was a proximate cause of injury to the plaintiff, and you further find that the action of *another defendant* to the suit also was a proximate cause of injury to the plaintiff, then the acts of the *other defendant* are not a defense to the defendants against the claim of the plaintiff. On the other hand, if you find that the negligence of the *other defendants or defendant* did not proximately cause or contribute to cause the injury to the plaintiff, the defendant or defendants whose negligence did not proximately cause or contribute to cause the injury to the plaintiff. (Emphasis supplied.)

The law is well settled that a litigant has the right to have the jury instructed on its theory of the case. Sims v. Chicago Transit Authority, 7 Ill App2d 21, 129 NE2d 23 (1955). Economy and Draper and Kramer each contend that it has always been their theory that even if they did contribute to plaintiff's injuries the proximate cause was the negligence of one or more of the other defendants. Plaintiff contends that all these instructions were properly refused by the

144

court because the court accepted the following instruction submitted by each defendant:

. . . . the plaintiff has the burden of proving each of the following propositions as to Draper and Kramer (or Economy). First, that the defendant acted, or failed to act in one of the ways claimed by the plaintiff as stated to you in these instructions and that in so acting, or failing to act, the defendant was negligent; Second, that the plaintiff was injured; Third, that the negligence of the defendant, Draper and Kramer, . . . (or Economy), was a proximate cause of the injury to the plaintiff. If you find from your consideration of all the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff, but, if, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be for the defendant, Draper and Kramer, (or Economy).

We must agree with plaintiff. The court properly refused Economy's instructions numbers 2, 3 and 4, as the jury was adequately apprised of the theory of defendant, Economy. Furthermore, Economy's instruction number 2, which was refused by the court, was an attempt to define intervening cause. This instruction did not explain that an intervening cause is a negligent act in which the injury is foreseeable even if the exact method which causes the injury is not.

The court properly refused Draper and Kramer's instruction number 5 adopted by Economy. Again, the jury was adequately apprised of the theory of both defendants. This instruction is Illinois Pattern Jury Instruction Number 12.05 and is proper only when an outside agency is the intervening cause of plaintiff's injuries. Draper and Kramer's instruction number 5

revised, adopted by Economy, was also properly refused. This instruction was an attempt to change Illinois Pattern Jury Instruction Number 12.05, so that instead of reading *"third party or outside agency . . . also was a proximate cause of injury . . . then the acts of the third party or outside agency are not a defense . . . to the claim of plaintiff,"* it would read *"another defendant . . . also was a proximate cause of injury . . . then the acts of the other defendant,* etc." (Emphasis supplied.) This attempt was inadequate as the instruction became confused and unintelligible. What the defendants intended to say in this instruction was adequately covered by Draper and Kramer's Instruction number 2 and Economy's instruction number 1.

██ Finally, Economy contends that they are a passive tort-feasor and because of the active tortious conduct of Mrs. Ruhman, they have a right of indemnity against her. Economy's conclusion is based on a faulty premise. The record is clear that the injury to plaintiff was caused by reason of Economy's placing the empty tank in an area available to the general public. The act of placing a tank in this area was affirmative tortious conduct on the part of Economy. The action of the trial court in refusing to allow Economy's action of indemnity against Mrs. Ruhman was proper. The judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.