FITZGERALD and another, by Guardian *ad litem,* Respondents, v. LUDWIG, Appellant.

*No. 119. Argued February 3, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 158.)

For the appellant there were briefs by *Prosser, Zimmermann, Wiedabach, Koppa & Lane,* attorneys, and *Steven C. Underwood* of counsel, all of Milwaukee, and oral argument by *Mr. Underwood* and *Mr. Jack R. Wiedabach.*

For the respondents there was a brief by *Charlton, Yanisch, Cain, Dieterich & Greco,* attorneys, and *Earl A. Charlton* of counsel, and oral argument by *Carlton Roffa,* all of Milwaukee.

HANLEY, J.   The issue presented is whether the complaint states facts sufficient to constitute a cause of

action. In deciding this issue the pleading is entitled to a liberal construction and to all the reasonable inferences which can be drawn from the facts. Sec. 263.27, Stats. *Libowitz v. Lake Nursing Home, Inc.* (1967), 35 Wis. 2d 74, 150 N. W. 2d 439, 151 N. W. 2d 680, and *Estate of Mayer* (1965), 26 Wis. 2d 671, 675, 133 N. W. 2d 322.

The complaint is grounded upon ordinary negligence since the parties concede that the fact situation will not support a cause of action based on attractive nuisance.[1]

The plaintiffs-respondents have not clearly stated which duty the defendant-appellant allegedly breached. The plaintiffs-respondents' brief merely states the legal conclusion that the defendant owed a duty of care to the children that lived on the premises or played there. One person does not owe to all other persons a general duty of care unattached to some other conduct.

By reasonable inference, however, the complaint in this case seems to allege that an independent contractor has a duty to use due care in maintaining his jobsite free from debris. Allegedly this duty is greater when the contractor knows or should know that children live and play in the area and when he has seen the children throwing the debris about. The defendant-appellant contends, however, that generally a contractor has no duty to maintain his jobsite free from debris. He further contends that even when a contractor realizes that children are around, he only has a duty to keep "inherently dangerous" objects from them. This court specifically held in *Massino v. Smaglick* (1958), 3 Wis. 2d 607, 612, 89 N. W. 2d 223, that a piece of shingle was not an "inherently dangerous" object.

---

[1] The doctrine of attractive nuisance predicates liability upon the possessor of land for injuries sustained by children who are trespassers on the land under certain conditions. *See Angelier v. Red Star Yeast & Products Co.* (1934), 215 Wis. 47, 254 N. W. 351.

". . . The existence of a duty between two parties and the scope of such duty are pure questions of law to be decided by the judge." *Rausch v. Buisse* (1966), 33 Wis. 2d 154, 164, 146 N. W. 2d 801.

The opinion of the trial court in this case does not mention whether defendant was under any duty. Again by inference, however, the trial judge found a duty because his decision on the demurrer stated:

". . . While the Court finds it somewhat difficult to imagine evidence of such nature that would sustain the allegations, the framework of a cause of action is alleged."

Respondent cites cases which appear to support the view that all persons have a general obligation to watch out for children.

". . . Every person owes to all others a duty to exercise ordinary care to guard against injury which may naturally flow as a reasonably probable and foreseeable consequence of his act . . . ." *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 622, 126 N. E. 2d 836.

However, the court also stated in that case:

". . . The creator of certain conditions *dangerous and hazardous* to children because of their immature appreciation of such dangers and hazards must be held to a certain standard of conduct for the protection of such children in accordance with the attendant circumstances and conditions." *Kahn v. James Burton Co., supra*, at page 622. (Emphasis supplied.)

The dangerous condition in the *Kahn Case* consisted of a balanced pile of lumber which collapsed on the minor plaintiff. Some of the boards weighed over 150 pounds each.

The respondent also cites *Indiana Harbor Belt RR v. Jones* (1942), 220 Ind. 139, 41 N. E. 2d 361. In that case the minor was killed by a falling door from a rail-

road car. The door weighed approximately 1,000 pounds. In discussing the plaintiff's case the court stated:

". . . The question is whether a railroad company owes a duty to such a person to lock the door of its empty car to prevent his injury." *Indiana Harbor Belt R.R. v. Jones, supra,* at page 144.

The court decided that:

". . . if the probable presence of the children raises a duty to them of ordinary care, this may be violated before the children arrive upon the premises, by leaving things undone which ought to have been done in anticipation of their coming." *Indiana Harbor Belt R.R. v. Jones, supra,* at page 145.

In *Wilinski v. Belmont Builders, Inc.* (1957), 14 Ill. App. 2d 100, 143 N. E. 2d 69, a minor was injured when he fell from a ladder at the rear of a building under construction. The court affirmed an award of damages because the homemade ladder was so defective as to constitute a "latent danger" to children playing at the site.

In *Smith v. Springman Lumber Co.* (1963), 41 Ill. App. 2d 403, 191 N. E. 2d 256, a minor fell from an old and rusty fuel tank which was no longer in use. Children had been in the habit of climbing on the tank in order to climb into a nearby tree. The defendant argued that there could be no liability because the tank was neither defective nor dangerous. The court determined that

". . . the tank and tree *together,* because of defendant's knowledge of the children's playing upon them, created a 'dangerous agency' which was likely to cause injury to the children." *Smith v. Springman Lumber Co., supra,* at page 407.

The last case cited by respondent which discusses the duty of persons to children is *Drell v. American National Bank & Trust Co.* (1965), 57 Ill. App. 2d 129, 207 N. E. 2d 101. In that case the minor plaintiff was injured when an empty oxygen tank toppled over on her. One of the

defendants had tied her dog to the tank. When the minor plaintiff walked over to pet the dog, the dog came toward the child and pulled over the tank to which its leash was tied. Also named as defendants were the owners of the premises and the corporation whose employees left the tanks on the premises. The corporation (Economy) argued that:

". . . there was insufficient evidence introduced by plaintiff that a duty was owed by Economy to plaintiff. Economy alleges that plaintiff's exhibits and testimony did not show that the tanks were either top heavy or unstable and that it (Economy) offered evidence that the tanks were flat bottomed and were standing on a concrete floor, in a recessed area, away from that part of the premises where people customarily passed. Thus, Economy concludes that plaintiff's evidentiary facts were not sufficient to support the inferential fact that the presence of the tanks created a *foreseeable hazardous condition*. We disagree with this conclusion. There was ample evidence to show the stability or lack of stability of the tank from the exhibits produced by plaintiff . . . ." *Drell v. American National Bank & Trust Co., supra,* at pages 136, 137. (Emphasis supplied.)

The above cases cited by plaintiffs-respondents are distinguishable for two critical reasons:

First, none of the cases involves an independent act by children which caused harm to another;

Second, the objects and conditions which caused the harm were all found to be dangerous in their substance, their location, or the manner in which they were maintained.

The more recent Illinois case of *Landman v. M. Susan & Associates, Inc.* (1965), 63 Ill. App. 2d 292, 211 N. E. 2d 407, involving injury caused by children throwing sand, discussed among other cases the cases of *Kahn v. James Burton Co., supra,* and *Smith v. Springman Lumber Co., supra.* It stated at page 296:

"From a review of these cases, we are not persuaded that the alleged facts in the instant complaint put the case at bar within the scope of these foregoing cases. An essential element of liability is missing in the present case, since the injury was not the result of any hazard or danger inherent in the pile of sand, in its substance, or in its location. In the Kahn case, the injury was caused by lumber being insecurely piled. In the Smith case, the yardstick was 'whether or not the tank and tree *together* . . . created a "dangerous agency." ' . . . None of these jury questions are present here."

It is quite obvious not only from the Illinois cases cited by the plaintiffs-respondents but from other similar cases that Illinois applies an ordinary negligence standard to the same type of situation which Wisconsin refers to as an attractive nuisance case.[2]

The sole effect of adopting the attractive nuisance doctrine is to create liability against a possessor of real estate even though a minor child is, in fact, a trespasser on the land. There is no liability, however, until the possessor of the real estate creates or maintains an artificial condition which is inherently dangerous to children. *Angelier v. Red Star Yeast & Products Co.,* *supra,* footnote 1. The duty to minors, on an owner or possessor of real estate, under the attractive nuisance doctrine or under a theory of ordinary negligence is exactly the same, and that duty is to refrain from creating artificial conditions which are inherently dangerous to children.

Since this court has already held, and properly so, that a shingle is not inherently dangerous, no cause of action was stated in this complaint.

---

[2] Other Illinois cases applying the ordinary negligence standard to cases where a child is the plaintiff and a possessor or controller of land is the defendant are: *Henry v. Robert Kettell Construction Corp.* (1967), 82 Ill. App. 2d 420, 226 N. E. 2d 89; *Driscoll v. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N. E. 2d 483; and *Andrews v. General Contracting Co.* (1962), 37 Ill. App. 2d 131, 185 N. E. 2d 354.

We agree with defendant-appellant's contention that allegations of injury caused by children throwing an object in and of themselves are not enough to predicate liability upon the possessor of the object.

*By the Court.*—Order overruling the defendant's demurrer is reversed and the cause is remanded with directions that the plaintiffs' complaint be dismissed.