Michael W. FRENCH and Lisa French,
Appellants (Plaintiffs Below),

v.

SUNBURST PROPERTIES, INC., et al.,
Appellees (Defendants Below).

No. 72A04–8708–CV–263.

Court of Appeals of Indiana,
First District.

April 27, 1988.

Larry O. Wilder, Clary, Guilfoyle, Thomas & Wilder, Jeffersonville, for appellants.

Frank A. Nelson, Jeffrey L. Hansford, New Albany, for appellees.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Michael and Lisa French appeal the Knox Circuit Court's entry of summary judgment in favor of Sunburst Properties, Inc. We affirm.

### FACTS

At approximately 2:30 a.m. on October 25, 1986, Michael French was in his vehicle in the vicinity of Sunburst's apartment complex searching for his pet dog. French saw the dog and began running after him on foot. The dog wandered into the apartment complex and French continued his pursuit. When the dog exited the complex, French attempted to follow him, tripped

over a cable strung between a series of posts at the edge of the complex and broke his leg. The Frenches filed a negligence action against Sunburst seeking damages for injuries sustained by French and for loss of consortium. Sunburst filed a motion for summary judgment pursuant to Ind. Rules of Procedure, Trial Rule 56. The motion was granted and this appeal immediately followed.

## ISSUES

The Frenches raise several issues, which we have consolidated as follows:

(1) Did the trial court erroneously determine that Michael French enjoyed only "licensee" status with respect to the events occurring on Sunburst's property?

(2) Did there exist genuine issues of material fact precluding an entry of summary judgment?

## DISCUSSION AND DECISION

Summary judgment is appropriate only when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). When reviewing an entry of summary judgment, evidentiary matters are to be construed in the light most favorable to the nonmoving party. *Hinkle v. Niehaus Lumber Co.* (1987), Ind.App., 510 N.E.2d 198, 201. We will reverse only if the record discloses an unresolved issue of fact or an incorrect application of the law to undisputed facts. *Morris v. Lyons Capitol Resources, Inc.* (1987), Ind.App., 510 N.E.2d 221, 222.

*Issue One:*

■ The Frenches first contend the trial court incorrectly determined that Michael French enjoyed only the status of a "licensee" and not a "public invitee." In *Fleischer v. Hebrew Orthodox Congregation* (1987), Ind.App., 504 N.E.2d 320 (transfer pending), the Third District adopted the definition of invitee status as set out in the RESTATEMENT (SECOND) OF TORTS § 332 (1965):

(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

The public invitee test requires that the occupant open his premises to the public or some broad segment of it. *Fleischer*, 504 N.E.2d at 323. It does not extend invitee status to social guests or to the public in general. *Id.* Rather, the test "require[s] that the visitor enter the premises for the particular purpose for which the occupant has encouraged the public to do so." *Id.* If the visitor meets the requirements of a public invitee, then the occupant owes him a duty of reasonable care to keep the premises safe for him. *Id.*

■ A licensee, however, is one who enters the premises for his own convenience, curiosity or entertainment. *Id.* at 322.

The only affirmative duty a land owner owes to a licensee is to refrain from willfully or wantonly injuring him or acting in a way which would increase the licensee's peril. A showing by the licensee of mere negligence on the part of the land owner will not be enough to insure him recovery.

*Barbre v. Indianapolis Water Co.* (1980), Ind.App., 400 N.E.2d 1142, 1146.

■ French argues that he meets the requirements of a public invitee as adopted by the court in *Fleischer.* We disagree. French entered Sunburst's apartment complex while chasing his dog. There is absolutely no evidence that Sunburst impliedly invited or encouraged pet owners from surrounding areas to enter its premises in order to engage in the nocturnal pursuit of their wayfaring pets. Thus, at the time of his injury, French did not enjoy the status of a public invitee. Clearly, he entered the premises for his own convenience and the trial court properly determined, as a matter

of law, that he enjoyed only licensee status.[1]

*Issue Two:*

The Frenches next contend that genuine issues of material fact existed which made an entry of summary judgment inappropriate. Specifically, the Frenches assert that the deposition and affidavit of Michael Scott, Sunburst's representative, created questions of fact regarding the lighting in the barricaded area of the complex and the condition of the cable barricade on the night French was injured. A fact is material if it affects the outcome of the litigation. *Ewing v. Board of Trustees* (1985), Ind.App., 486 N.E.2d 1094, 1097. Summary judgment is appropriate despite conflicting facts and inferences on some elements of a claim if there is no dispute or conflict regarding facts dispositive of the action. *Id.* at 1097–1098. Therefore, the existence of disputed facts in this case will not preclude the entry of summary judgment in favor of Sunburst if undisputed facts require judgment in Sunburst's favor as a matter of law.

As previously discussed, French was a licensee, using Sunburst's property for his own convenience. As such, he entered at his own risk, taking the property as he found it. *Gaboury v. Ireland Road Grace Brethren, Inc.* (1983), Ind., 446 N.E.2d 1310, 1314.[2] Thus, unless Sunburst acted to create a concealed danger, unavoidable even by the exercise of reasonable skill and care, it cannot be held liable for French's injuries. *Id.* at 1315. As the supreme court stated in *Gaboury:*

> The closing of a driveway by a cable, gate, or other form of obstruction is not so unusual a situation in our society that it can be considered a dangerous or hazardous condition. It certainly is a condition that can be determined by ordinary

and reasonable care on the part of the licensee.

*Id.* at 1315. Moreover, the Frenches failed to show or even allege that Sunburst erected the cable barricade with the wanton and willful intent to injure French or anyone else. In fact, the evidence indicates that Sunburst erected the cable barricade in order to protect its residents, particularly the small children, from the high volume of traffic on the adjacent street. Undisputed facts found in the record support the trial court's determination that, as a matter of law, Sunburst did not violate any duty owed to French as a licensee. Thus, even if factual disputes existed, they were unnecessary in determining the propriety of summary judgment in this case We therefore conclude that the trial court properly entered summary judgment in favor of Sunburst. Accordingly, we affirm.

Affirmed.

ROBERTSON and NEAL, JJ., concur.

---

1. We are unpersuaded by the Frenches' argument that the absence of any barricades at two of the entrances to the complex constitutes an implied invitation for French to use the premises as he did on the night of his injury.

2. We are unpersuaded by the Frenches' argument that the trial court erroneously relied on the *Gaboury* case in making its decision. Like the property in *Gaboury, supra,* Sunburst's property is privately owned and not "public," as the Frenches assert.