

FILED

Feb 24 2017, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark S. Pantello
Benson, Pantello, Morris, James &
Logan, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

David C. Jensen
Robert J. Feldt
Eichhorn & Eichhorn, LLP
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elizabeth Roumbos, *Appellant-Plaintiff,* | February 24, 2017 |
| | Court of Appeals Case No. 45A03-1606-CT-1424 |
| v. | Appeal from the Lake Superior Court |
| Samuel G. Vazanellis and Thiros and Stracci, PC, *Appellees-Defendants.* | The Honorable John M. Sedia, Judge |
| | Trial Court Cause No. 45D01-1501-CT-2 |

**Najam, Judge.**

## Statement of the Case

[1]     Elizabeth Roumbos appeals the trial court's entry of summary judgment for

Samuel G. Vazanellis and Thiros and Stracci, PC (collectively, "the law firm").

Roumbos raises two issues for our review, which we consolidate and restate as

whether the trial court erred when it entered summary judgment. We hold that,

although the designated evidence shows that Roumbos, as a business invitee, was aware of a dangerous condition on the floor of the business, a genuine question of material fact exists with respect to whether the business owner should have anticipated Roumbos' harm despite her knowledge. Accordingly, we reverse and remand for further proceedings.

## Facts and Procedural History

[2] On January 18, 2011, Roumbos, who was eighty-five years old at the time, visited her husband at St. Anthony's Hospital ("the hospital") in Lake County. Roumbos had visited her husband at that hospital on a number of prior occasions. On this occasion, her husband asked her to bring him a glass of water, which she did. When he had finished with the glass of water, he returned it to her, and she turned to put the glass on the table from which she had obtained it. In doing so, she tripped over some wires that were running flush along the floor and under the table, which resulted in a severe injury to Roumbos.

[3] In a later deposition, Roumbos testified as follows:

> Q.    . . . had you walked over [the wires] to get to the table to pour the water?
>
> A.    Yes, I did.
>
> Q.    Okay. And did you step over them?
>
> A.    No.

Q.    You just walked over them?

A.    Uh-huh.

* * *

Q.    Okay.  Well, you stepped on them, or you stepped over
      them, one or the other, didn't you?

A.    If I step[ped] on [them], I could have fell [sic].

* * *

Q.    And you agree with me that if you look[ed] down, you
      would have seen [the wires], wouldn't you?

A.    Probably.

Q.     . . . And when you turned around, you didn't look down,
      though, did you?

A.    No.

* * *

Q.    But there was no reason why you couldn't look around
and see what was on the floor, was there?

A.    No.

Appellant's App. Vol. II at 93-94, 96.[1]

[4] Roumbos hired the law firm to represent her in a negligence claim against the hospital, but the law firm failed to file her complaint within the relevant statute of limitations. Accordingly, Roumbos filed a complaint for legal malpractice against the law firm. Thereafter, the law firm moved for summary judgment.

[5] On March 24, 2016, the trial court entered summary judgment for the law firm. In doing so, the court stated, in relevant part, as follows:

> 6. . . . to . . . prove causation [in a legal malpractice action, Roumbos] must . . . prove that, but for [the law firm's] negligence, the outcome of the lawsuit against [the hospital] would have been more favorable. . . . Roumbos must therefore prove that [the hospital] breached its duty to her as a business invitee.
>
> * * *
>
> 8. . . . The evidence designated by [the law firm] . . . as set for in the deposition testimony of Roumbos . . . [is] that . . . she told someone that she tripped on a telephone cord but that she did not look down and would have avoided it if she had seen it . . . [, which] meets [the law firm's] initial burden of showing that there was no genuine issue of material fact that would allow anything

---

[1] In its brief on appeal, the law firm asserts that Roumbos was equivocal about the cause of her fall in her deposition testimony. We cannot agree. It is clear from the totality of her testimony that at all times Roumbos identified the wires as the cause of her fall. *See* Appellant's App. Vol. II at 80-83. Accordingly, we reject the law firm's argument that Roumbos cannot contradict herself to create a genuine question of material fact as well as the law firm's argument that Roumbos' claim against the hospital was based exclusively on the fact of the fall.

more than a "mere accident" and that [the law firm] is entitled to judgment as a matter of law.

9. The burden was then placed upon Roumbos to respond and show that a genuine issue of material fact did indeed exist. Roumbos's response . . . demonstrated . . . that she saw, or should have seen, any wires on the floor before she fell.

10. The designated evidence presented by Roumbos does not meet the responsive burden of showing that there is a genuine issue of material fact that warrants presentation of this case to the jury or that she is entitled to judgment as a matter of law. All Roumbos could ultimately say was that she slipped and fell near a table in a hospital room where wires were plainly visible, whether she saw them or not. . . . There is no genuine issue of material fact, and the defendants are entitled to judgment as a matter of law.

*Id.* at 17-18. This appeal ensued.

## Discussion and Decision

Roumbos asserts that the trial court erred when it entered summary judgment for the law firm. As our supreme court has stated:

We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the

undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

> The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (alterations original to *Hughley*).

[7]     Further, we acknowledge that the trial court here entered detailed and thoughtful findings and conclusions in support of its entry of summary judgment for the law firm. Such findings and conclusions are neither "required nor prohibited in the summary judgment context." *Knighten v. E. Chicago Hous. Auth.*, 45 N.E.3d 788, 791 (Ind. 2015). And while the court's findings and conclusions "aid our review of a summary judgment ruling[,] they are not binding on this Court." *Id.* (quotation marks omitted).

[8]     As the trial court correctly recognized, Roumbos' legal malpractice claim against the law firm would have required her, at trial, to "prove a 'case-within-a-case.'" *Schultheis v. Franke*, 658 N.E.2d 932, 940 (Ind. Ct. App. 1995), *trans.*

*denied*. In the summary judgment context, this required the law firm to demonstrate that, had it filed Roumbos' complaint against the hospital in a timely manner, she would have been no better off than its alleged negligence had placed her. To meet that burden, the law firm sought to negate the element of proximate cause in Roumbos' action against it. And, to do that, the law firm argued that the hospital did not breach its duty of care to Roumbos, and, therefore, it would not have mattered if the law firm had timely filed her complaint against the hospital because, had the law firm done so, the hospital would simply have been entitled to summary judgment against Roumbos.

[9] To prevail on her theory of negligence against the hospital, Roumbos would have been required to prove: (1) that the hospital owed her a duty; (2) that it breached the duty; and (3) that her injury was proximately caused by the breach. *Harradon v. Schlamadinger*, 913 N.E.2d 297, 300 (Ind. Ct. App. 2009), *trans. denied*. It is undisputed that Roumbos was the hospital's invitee at the time of the fall. Accordingly, as a matter of law the hospital owed her a duty to exercise reasonable care for her protection while she was on the premises. *Id.* at 300-01. The only question in this appeal is whether the designated evidence demonstrates, as a matter of law, that the hospital did not breach its duty to Roumbos.

[10] The standard in Indiana for determining a landowner's liability to business invitees is stated in Section 343 of the Restatement (Second) of Torts, which provides that a landowner is liable for harm to invitees if and only if the landowner: (1) knew or by the exercise of reasonable care would have

discovered the dangerous condition, and should have realized that it involved an unreasonable risk of harm to invitees; (2) should have expected that an invitee would not discover or realize the danger, or would fail to protect herself from the danger; and (3) failed to exercise reasonable care to protect the invitee against the danger. *See Smith v. Baxter*, 796 N.E.2d 242, 245 (Ind. 2003); *Countrymark Coop., Inc. v. Hammes*, 892 N.E.2d 683, 688 (Ind. Ct. App. 2008), *trans. denied*. However, Section 343A(1), "which is meant to be read in conjunction with section 343," provides that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*." *Countrymark*, 892 N.E.2d at 688-89 (emphasis added; quotation marks omitted).

[11] Here, the law firm's designated evidence answers the first question under Section 343(A)(1), namely, that Roumbos knew of the wires in her husband's room at the hospital and further recognized their danger. Roumbos testified that she saw the wires when she was getting a glass of water for her husband. She further testified that she consciously avoided the wires because, had she stepped on them, she could have fallen. She then testified that, as she was returning the glass of water to the table, she did not look down to see where the wires were, and that, had she done so, she "[p]robably" would have seen the wires again. Appellant's App. Vol. II at 94. In other words, Roumbos testified that she knew the wires were there and that she had already avoided them once, but she had stopped paying attention and, as a result, tripped and fell. There is

no question in light of that evidence that Roumbos knew of the dangerous condition, which satisfied the first component of Section 343(A)(1).

[12] The trial court's analysis ends there, but that is not the end of the inquiry. Rather, Section 343(A)(1) continues by qualifying the circumstances in which landowners are not liable for known or obvious risks and states that, despite such knowledge or obviousness, nonetheless liability may attach if "the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343(A)(1). In the comments to Section 343(A)(1), the Restatement explains:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
>
> *Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered*, or fail to protect himself against it. . . .

*Id.* cmt. f (emphasis added). And the Restatement provides the following illustration of that law:

> The A Drug Store has a soda fountain on a platform raised six inches above the floor. The condition is visible and quite obvious. B, a customer, discovers the condition when she ascends the platform and sits down on a stool to buy some ice cream. When she has finished, she forgets the condition, misses her step, falls, and is injured. If it is found that this could reasonably be anticipated by A, A is subject to liability to B.

*Id.* illus. 3.

[13] We conclude that the above illustration provided in the Restatement is analogous to the facts designated in the instant appeal and is consistent with Indiana law. Indeed, as the Indiana Supreme Court has stated, "[t]he determination of whether a breach of duty occurred is a factual question requiring an evaluation of the landowner's conduct with respect to the requisite standard of care. In this factual assessment, the issue of the landowner's and the invitee's comparative knowledge becomes relevant." *PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943, 959 (Ind. 2005) (quotation marks omitted), *abrogated in part on other grounds by Helms v. Carmel High Sch. Vocational Bldg. Trades Corp.*, 854 N.E.2d 345 (Ind. 2006). And we have previously acknowledged, in the summary judgment context, that "a trier of fact could reasonably determine that the [the landowner] should have anticipated that [the invitee] would attempt to walk from her vehicle back to the carport or sidewalk despite the obviousness of the risk or danger [from snow in the parking lot]." *Miller v. Rosehill Hotels, LLC*, 45 N.E.3d 15, 24 (Ind. Ct. App. 2015). And we have held that summary judgment is not proper where "genuine issues exist[ed] as to whether [the landowner] should have anticipated the harm [from ice on the ground] despite

[the invitee's] knowledge of the danger or the obviousness of the danger." *Countrymark*, 892 N.E.2d at 691-92.

[14] Accordingly, to demonstrate that it was entitled to summary judgment, the law firm was required to designate evidence that demonstrated that the hospital could not have reasonably anticipated that, despite actual prior knowledge of the dangerous condition of the wires running along the floor of its room, an invitee might forget about the condition and later be injured by it. *See Hughley*, 15 N.E.3d at 1003-04; *see also* Restatement, *supra*, § 343(A)(1) cmt. f and illus. 3. The law firm designated no such evidence. Accordingly, it is not entitled to judgment as a matter of law. The trial court's entry of summary judgment for the law firm is reversed, and we remand for further proceedings.

[15] Reversed and remanded for further proceedings.

Bailey, J., and May, J., concur.