## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 09 2018, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Brett M. Haworth
David M. Henn
Henn Haworth Cummings & Page
Greenwood, Indiana

ATTORNEY FOR APPELLEE

Rick L. Weil
Reminger Co., L.P.A.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ashley Poythress and
LaVenita Burnett,

*Appellants-Plaintiffs,*

v.

Esurance Insurance Company,

*Appellee-Defendant.*

February 9, 2018

Court of Appeals Case No.
49A05-1708-CT-1823

Appeal from the Marion Superior Court

The Honorable Gary L. Miller, Judge

Trial Court Cause No.
49D03-1412-CT-39694

**Robb, Judge.**

# Case Summary and Issues

[1] Ashley Poythress and LaVenita Burnett (collectively, "Appellants") appeal the trial court's entry of summary judgment in favor of Esurance Insurance Company. Appellants raise two issues for our review: 1) whether the trial court abused its discretion in denying Appellants' motion to strike; and 2) whether the trial court erred in entering summary judgment in favor of Esurance. Concluding the trial court did not err, we affirm.

# Facts and Procedural History

[2] Esurance Insurance Company issued a car insurance policy to Poythress on January 28, 2013. The Esurance Policy Declarations page lists Poythress and her vehicle, a 2002 Buick Park Avenue, as covered under the insurance policy. On July 28, 2013, Poythress and her mother, LaVenita Burnett, were involved in a car accident in Cincinnati, Ohio. Poythress and Burnett were passengers in a friend's vehicle that was struck by a car owned by Jonathan Tarter. The driver of Tarter's vehicle fled the scene of the accident.

[3] On December 5, 2014, Appellants filed their complaint for damages against Esurance and Tarter alleging that, among other things, Esurance breached the contract by failing to compensate the Appellants pursuant to the policy's uninsured motorist coverage. On May 20, 2015, Esurance filed its motion for summary judgment arguing the policy provides no coverage to the Appellants under these facts, and, even if the policy did apply, Poythress rejected uninsured

motorist coverage. In support of its motion, Esurance designated the car insurance policy, the police report, an affidavit of an Esurance supervisor, the transcript of the sales call between Poythress and an Esurance representative, the Esurance Policy Viewer application, and an Indiana Auto Supplement. The Indiana Auto Supplement is an electronically signed document rejecting uninsured and underinsured motorists coverage. Next to the statements, "I wish to reject uninsured/underinsured motorists bodily injury coverage in its entirety[,]" and "I wish to reject uninsured motorist property damage coverage in its entirety[,]" are the initials "AP[.]" Appellants' Appendix, Volume 2 at 53. The document was electronically signed by "Ashley Poythress" on January 28, 2013. *Id.*

[4] On July 22, 2015, Appellants filed a motion to strike portions of the affidavit of the Esurance supervisor and a motion in opposition to Esurance's motion for summary judgment. Appellants' motion opposing summary judgment alleged the policy does provide coverage to the Appellants and that there was no valid rejection of uninsured motorist coverage under Indiana law. On August 11, 2015, the trial court granted Esurance's motion for summary judgment. Appellants now appeal.[1]

---

[1]Appellants timely filed an appeal of the trial court's summary judgment order on September 4, 2015. This court dismissed Appellants' appeal concluding the trial court's order was not a final judgment. *Poythress v. Esurance Ins. Co.*, No. 49A05-1509-CT-1363 (Ind. Ct. App. Feb. 19, 2016). On July 6, 2017, the trial court entered default judgment against Tarter making the judgment a final judgment.

# Discussion and Decision

## I. Motion to Strike

[5]     Appellants first allege the trial court abused its discretion by denying their motion to strike portions of the affidavit of Jennifer Patten, an Esurance supervisor. Patten's affidavit states, in relevant part,

> 3.     I have extensively reviewed the audio recording of [Poythress's] phone call from January 28, 2013 as well as her online Esurance Policy application that she completed on January 28, 2013 . . . .
>
> 4.     Based on my review, I have reached the following conclusions:
>
>> i)     Prior to calling Esurance to purchase insurance, [Poythress] obtained a price quote online;
>>
>> ii)    [Poythress] then called Esurance to gather additional information and purchase insurance coverage for her motor vehicle;
>>
>> iii)   [Poythress] was fully advised of the coverage options during her phone conference with the Esurance sales agent. The sales agent reviewed all the selected coverage options and the denied coverage options;
>>
>> iv)    Based on her coverage selections, [Poythress] was advised that she had not selected uninsured motorist coverage. The sales agent specifically informed [Poythress] that she did not select uninsured motorist coverage to which [Poythress] replied, "OK";
>>
>> v)     [Poythress] completed the on-line application, including submitting an electronic signature that confirmed her acceptance of the policy terms, and a

specific rejection of uninsured motorist coverage option.

5. It is my professional opinion, based on my education, training, and experience as a supervisor at Esurance Insurance Company, as well as my personal knowledge of the facts and evidence of this case, that [Poythress] personally declined coverage for uninsured motorist coverage both verbally during the recorded call, and by virtue of her completed on-line application.

Appellants' App., Vol. 2 at 93-94. Appellants argue the trial court erred in failing to strike paragraphs 4v and 5.

[6] We review a trial court's evidentiary decisions for an abuse of discretion. *McCutchan v. Blanck*, 846 N.E.2d 256, 260 (Ind. Ct. App. 2006). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Further, affidavits in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Ind. Trial Rule 56(E).

[7] As to paragraph 4v, Appellants state there is "no foundation in the Affidavit that Ms. Patten saw or has any personal knowledge that [Poythress], herself, completed on-line documents, or that Ms. Patten has any sort of computer or special expertise that would allow her to know who completed online documents." Appellants' Brief at 9. However, Patten does not purport to have witnessed Poythress fill out the application. Patten's affidavit unambiguously

states her opinion is based on her personal review of this case, including a review of the audio recording of the sales call and the online application. Additionally, we note the audio recording, reviewed by Patten, establishes that an Esurance sales agent reviewed Poythress's insurance selections with her.

> Esurance [Agent]: I have the 25,000/50,000, property damage at 10,000, and then I got the comp [sic] and collision deductibles at 500.
>
> [Poythress]: Okay.
>
> * * *
>
> Esurance [Agent]: The only thing that you did not select would be medical payments, uninsured motorist bodily injury, uninsured motorist property damage, for right now, and no custom parts and equipment for the vehicle itself. That's the only thing that you did not select today.
>
> [Poythress]: Okay.

Appellants' App., Vol. 2 at 77-78. Poythress does not claim she did not make this phone call and this information, combined with Patten's personal review of the other materials and her training and experience, is sufficient for her to competently testify about the matters contained in paragraph 4v. Thus, the trial court did not abuse its discretion in failing to strike this paragraph from the affidavit.

[8] As to paragraph 5, Appellants assert Patten provided "expert testimony" without sufficient foundation to be qualified as an expert. Appellants' Brief at

10. Simply put, Patten did not provide expert testimony or purport to do so; rather, Patten's opinion is rationally based on her perception of the relevant materials regarding Poythress's insurance and is helpful to determine a fact at issue—whether Poythress filled out the online application. Ind. Evidence Rule 701. The trial court did not abuse its discretion in failing to strike this paragraph from Patten's affidavit.[2]

## II. Summary Judgment

[9]     Appellants also allege the trial court erred in granting summary judgment in favor of Esurance. Specifically, Appellants argue Poythress did not reject uninsured motorist coverage in writing as required by Indiana Code section 27-7-5-2; therefore, by operation of law, the policy contains uninsured motorist coverage.[3]

[10]     We review the grant or denial of summary judgment de novo. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Summary judgment is appropriate if the designated materials show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Sedam v. 2JR Pizza*

---

[2] Appellants also allege the Esurance Policy Viewer Application is hearsay. *See* Appellants' App., Vol. 2 at 95. On appeal, "[e]ach contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]" Ind. Appellate Rule 46(A)(8)(a). Appellants do not engage in any substantive hearsay analysis or point to any case law supporting their argument. "A party generally waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority and portions of the record." *Romine v. Gagle*, 782 N.E.2d 369, 386 (Ind. Ct. App. 2003), *trans. denied*. We find Appellants have waived review of this issue.

[3] Indiana Code section 27-7-5-2(a) states "uninsured and underinsured motorist coverages must be provided by insurers . . . unless such coverages have been rejected in writing by the insured."

*Enters., LLC*, 84 N.E.3d 1174, 1176 (Ind. 2017). The moving party must first demonstrate the "absence of any genuine issue of fact as to a determinative issue . . . ." *Hughley*, 15 N.E.3d at 1003 (citation omitted). Then, the non-moving party must "come forward with contrary evidence" demonstrating an issue to be resolved by the trier of fact. *Id.* (citation omitted).

[11] Appellants attempt to demonstrate a genuine issue of material fact regarding whether Poythress rejected uninsured motorist coverage by stating that "Poythress never signed any documents when purchasing her policy of insurance from Esurance. Poythress never reviewed nor finalized any documents online when purchasing her policy of insurance with Esurance." Appellants' Br. at 14. These assertions stem from Poythress's deposition testimony.

> [Esurance]: How did you get the terms on what would be covered and – well, you wanted everything covered. How did you work that out; on the phone?
>
> [Poythress]: Yes, on the phone.
>
> [Esurance]: How many phone calls were there?
>
> [Poythress]: One.
>
> [Esurance]: There wasn't a second call?
>
> [Poythress]: No.
>
> * * *
>
> [Esurance]: Did you go on the computer and click on exactly what you wanted and confirm it?

[Poythress]: No.

[Esurance]: You never initiated or finalized this policy via computer?

[Poythress]: No.

\* \* \*

[Esurance]: So as you sit here today, you have no recollection of ever entering any confirmation, finalization, anything via computer for this insurance policy; is that true?

[Poythress]: That's correct.

[Esurance]: As far as you're concerned, you had a phone call and then Esurance sent you documents in the mail?

[Poythress]: Yes.

\* \* \*

[Esurance]: So you never signed any documents from Esurance where you actually signed and sent [the documents] back?

[Poythress]: No.

Appellants' App., Vol. 2 at 131-34.

[12]     In *Hughley v. State*, the State sought civil forfeiture of the defendant's money and vehicle after he was convicted of dealing in cocaine. 15 N.E.3d at 1005. There, our supreme court held that the defendant's self-serving affidavit denying the State's allegations was sufficient to defeat the State's motion for summary judgment. *Id.* However, *Hughley* did not overrule a line of cases which state a

party cannot create a genuine issue of material fact by submitting sworn testimony that contradicts his or her own prior testimony. *5200 Keystone Ltd. Realty, LLC v. Netherlands Ins. Comp.*, 29 N.E.3d 156, 163 (Ind. Ct. App. 2015), *trans. denied*.

[13] In *Gaboury v. Ireland Rd. Grace Brethren, Inc.*, 446 N.E.2d 1310 (Ind. 1983), a plaintiff submitted an affidavit in response to the defendant's motion for summary judgment that directly contradicted statements the plaintiff had made in a previous deposition. Our supreme court held that the affidavit did not create a genuine issue of material fact and concluded that a party cannot create such an issue simply by submitting an affidavit contradicting his or her own prior testimony. *Id.* at 1314.

[14] We applied this rule in *Crawfordsville Square, LLC v. Monroe Guar. Ins. Co.*, 906 N.E.2d 934, 939 (Ind. Ct. App. 2009), *trans. denied*, to resolve a conflict between an affidavit and a letter written by the plaintiff prior to litigation. There, we determined the property buyer could not create a genuine issue of material fact by designating an affidavit disclaiming knowledge of environmental contamination on the land that conflicted with the earlier letter he had written informing the seller of the contamination and the need for corrective action. *Id.* We disregarded the affidavit and held the plaintiff failed to establish a genuine issue of material fact. *Id.*

[15] We have similar reason to disregard Poythress's sworn testimony. Poythress's deposition testimony stated she completed the entire insurance transaction

during one phone call with Esurance. She testified that she never used a computer or mailed documents to Esurance and she never signed or reviewed any documents. However, Poythress's testimony is undercut by the transcript of her phone call with the Esurance agent and the Esurance Policy Viewer Application. First, the transcript of the sales call between Poythress and the Esurance agent strongly suggests this was not their first communication and that Poythress took affirmative action in procuring insurance before the sales call.

> Esurance [Agent]: All right. So I'm going to pull your quote back up here. So did you get a chance to talk to [LaVenita Burnett]?
>
> [Poythress]: Yes.
>
> * * *
>
> Esurance [Agent]: I have the 25,000/50,000, property damage at 10,000, and then I got the comp and collision deductibles at 500.
>
> [Poythress]: Okay.
>
> Esurance [Agent]: And I have emergency road service at $75 per tow, maxing out at 450.
>
> [Poythress]: Okay.
>
> * * *
>
> Esurance [Agent]: The only thing that *you did not select* would be medical payments, *uninsured motorist bodily injury, uninsured motorist property damage* . . . . That's the only thing that *you did not select* today.

[Poythress]:        Okay.

Appellants' App., Vol. 2 at 74, 77-78 (emphasis added). The transcript illustrates the sales agent reaffirming what Poythress has already selected, not asking her what insurance she desires; therefore, there must have been some prior action on Poythress's part to procure insurance. Second, the Esurance Policy Viewer Application contains information that was not specifically given by Poythress over the phone to the Esurance agent, such as the make and model of her vehicle, her date of birth, marital status, and gender.[4] Thus, Poythress's sworn statement that the entire transaction occurred over a single phone call is not well taken.

[16] Finally, Esurance submitted an Indiana Auto Supplement in support of its motion for summary judgment. This document is a rejection of uninsured motorist coverage and is electronically signed by "Ashley Poythress." Appellants' App., Vol. 2 at 53. Appellants make no challenge to this document other than to argue an electronic signature is not valid to reject uninsured motorist coverage.

[17] Indiana's Uniform Electronic Transactions Act ("UETA") "applies to electronic records and electronic signatures that relate to a transaction."

---

[4] We also note the inconsistency with Appellants' argument Poythress never signed any documents. If we were to embrace this argument, Poythress would have no insurance policy at all, let alone a claim to uninsured motorist coverage.

Indiana Code § 26-2-8-103(a). An "electronic record" means a "record created, generated, sent, communicated, received, or stored by electronic means." Indiana Code § 26-2-8-102(9). An "electronic signature" is an "electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record." Indiana Code § 26-2-8-102(10). The UETA applies to transactions among parties that have agreed to conduct transactions electronically. A customer and a business are presumed to have agreed to conduct transactions electronically unless the governing documents of a business limit or prohibit such action or the business entity expressly states another method of conducting business. Indiana Code § 26-2-8-104(b). A signature may not be denied legal effect or enforceability solely because it is in electronic form. Indiana Code § 26-2-8-106(a). If the law requires a signature, the law is satisfied with respect to an electronic record if the electronic record includes an electronic signature. Indiana Code § 26-2-8-106(d). "An . . . electronic signature is attributable to a person if it was the act of the person. The act of the person may be proved in any manner . . . ." Indiana Code § 26-2-8-108(a).

[18] Indiana law is clear that electronic signatures are given the same legal effect as all other types of signatures and Esurance submitted the Indiana Auto Supplement containing Poythress's electronic signature. The document is dated January 28, 2013, the same date Poythress obtained her underlying insurance policy. Moreover, the Esurance agent on the sales call specifically reaffirmed to

Poythress that she had not selected uninsured motorist insurance. Poythress accepted that notion as correct, which is consistent with the uninsured motorist coverage rejection form. The Indiana Auto Supplement is a valid rejection, in writing, of uninsured motorist coverage.

[19] Because we have determined the Indiana Auto Supplement is a valid rejection of uninsured motorist coverage by Poythress, Esurance met its initial burden of demonstrating the absence of any genuine issue of fact of a determinative issue. *Hughley*, 15 N.E.3d at 1003. The law, then, burdens Appellants to come forward with contrary evidence demonstrating a genuine issue to be determined by the trier of fact. *Id.* Appellants have failed to produce any evidence sufficient to show Poythress did not reject the coverage. Further, Appellants' argument Poythress did not agree to conduct transactions electronically does not create an issue of fact regarding whether she rejected the coverage.[5] The trial court did not err in granting summary judgment in favor of Esurance.

# Conclusion

---

[5] We are equally unpersuaded by Appellants' argument Esurance tendered two documents in discovery misspelling Poythress's name as "Ashley Poyphress." Appellants' Br. at 13-15. Poythress's deposition testimony that she knows the correct spelling of her name does not create a genuine issue of material fact that she nonetheless did reject uninsured motorist coverage.

The trial court did not abuse its discretion in denying Appellants' motion to strike or err in granting summary judgment in favor of Esurance. Accordingly, the judgment of the trial court is affirmed.

Affirmed.

Crone, J., and Bradford, J., concur.